UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CYMONE WRIGHT,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 4:20-CV-74-JEM |
| LOUIS DEJOY, POSTMASTER<br>GENERAL, U.S. POSTAL SERVICE,<br>      Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss, or, Alternatively, Partial Motion for Summary Judgment [DE 11], filed February 19, 2021. Defendant seeks dismissal or, alternatively, summary judgment on Plaintiff's claims that her craft was mis-classified and her seniority was changed in retaliation for making a complaint with the Equal Employment Opportunity Commission.

**I.  Background**

On September 17, 2020, Plaintiff Cymone Wright, proceeding *pro se*, filed her Complaint alleging that she suffered employment discrimination and was retaliated against by her employer, the United States Postal Service (USPS), for engaging in protected activity. On February 19, 2021, Defendant filed the instant motion to dismiss or for summary judgment. Plaintiff filed a response on March 19, 2021, and on March 23, 2021, Defendant filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

1

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin.*

*Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

### III. Analysis

As an initial matter, the Court addresses the documents appended to Defendant's motion. The general rule is that, when documents are submitted with a Rule 12(b)(6) motion to dismiss, the Court must either convert the motion into a motion for summary judgment under Rule 56 or set aside the documents attached to the motion and rule on the motion to dismiss under Rule 12(b)(6). See *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). However, the pleadings which the Court may consider include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). In addition, documents submitted with a motion to dismiss are treated as part of the pleadings if they are "referred to in the plaintiff's complaint and are central to his [or her] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (internal quotation marks omitted) (indicating that this rule prevents the plaintiff from avoiding dismissal simply by failing to attach important documents to the complaint).

In this case, Defendant included a number of documents along with its motion. Plaintiff's Complaint refers to and relies upon her 2019 settlement agreement with USPS at ¶ 12, her July 15, 2020, EEO Complaint at ¶ 16, and the August 10, 2020, dismissal of the EEO Complaint at ¶ 17. Accordingly, the Court considers those documents without converting the motion into a motion for summary judgment. *Wright v. Assoc'd Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)

3

("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss."). Because the union agreement and the contact summary are not specifically relied upon by Plaintiff, the Court sets aside those documents and did not consider them in determination of the instant motion to dismiss.

Plaintiff alleges that she filed a complaint of employment discrimination with the EEOC that was resolved by settlement on November 21, 2019, and that as part of the settlement agreement Plaintiff was reinstated in her position as a part time rural carrier as of December 7, 2019. She asserts that during the time from August 14, 2015, through December 6, 2019, USPS mis-classified her as a City Carrier Associate rather than a Rural Carrier Associate, resulting in lower seniority for her bid for a route on February 24, 2020. Plaintiff reports that she discovered the lower seniority on March 27, 2020, and discovered the alleged mis-classification on April 7, 2020. On April 7, 2020, Plaintiff contacted the EEO counselor regarding her alleged mis-classification, which Plaintiff alleges was in retaliation for the earlier EEOC complaint

Defendant argues that Plaintiffs' claim is untimely because she did not exhaust her administrative remedies. Federal employees challenging alleged discrimination must contact an EEO counselor within 45 days of the allegedly discriminatory act, with that time extended if the complainant can show that "she did not know and reasonably should not have been (sic) known that the discriminatory matter or personnel action occurred." 29 CFR § 1614.105(a); *see also Thompson v. White*, 67 F. App'x 355, 356 (7th Cir. 2003); *Foster v. Bentsen*, 919 F. Supp. 293, 295-96 (N.D. Ill. 1996) ("A federal employee must notify an EEO counselor of an allegedly discriminatory act within 45 days of that act . . . [and] failure to meet the 45-day time period will bar subsequent suit

on the alleged act"). Defendant asserts that Plaintiff contacted the EEO counselor on April 7, 2020, so any events more than 45 days prior to that date cannot form the basis of Plaintiff's suit. Since the alleged mis-classification occurred on December 7, 2019, Defendant argues that it is time-barred. Plaintiff argues that she learned of the mis-classifications on March 27, 2020, and April 7, 2020, but acknowledges that the classification was included in her employee record. Pl. Br. p. 3 [DE 19]. Plaintiff knew or should have known about the classification that she alleges constituted retaliatory conduct on or around December 7, 2019, but she did not notify an EEO counselor of the act within 45 days. Plaintiff's pleadings demonstrate that she cannot state a claim for relief on her claims of retaliation based on her alleged mis-classification and resulting seniority. *Reeves v. Frierdich*, 202 F.3d 274 (7th Cir. 2000) (finding a case barred by statute of limitations where "[the plaintiff's] allegations and exhibits make clear that with the exercise of due diligence she should have known of her alleged claims more than four years before she filed suit."); *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995) ("if a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis").

Defendant has not moved to dismiss Plaintiff's wage claim for March 11, 2020, and that claim remains pending. The remaining claim and any need for discovery on that claim will be addressed by the Court in a scheduling conference to be set by separate order.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Partial Motion to Dismiss, or, Alternatively, Partial Motion for Summary Judgment [DE 11] and **ORDERS** that Plaintiff's claims of retaliation in the form of her alleged mis-classification and lower seniority are **DISMISSED**. Plaintiff's wage claim remains pending.

5

SO ORDERED this 21st day of July, 2021.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*